IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF RIO VISTA, a California municipality,<br><br>            Plaintiff,<br><br>    v.<br><br>ECO RESOURCES, INC., a Texas corporation; STEVEN E. RICHARDSON, an individual,<br><br>            Defendants.<br>_____<br>ECO RESOURCES, INC., a Texas corporation,<br><br>            Counter-claimant,<br><br>    v.<br><br>CITY OF RIO VISTA, a California municipality,<br><br>            Counter-defendant.<br>_____ | 2:05-cv-2556-GEB-DAD<br><br>ORDER* |

Plaintiff moves to remand its suit against Defendants ECO Resources Inc.'s ("ECO") and Steven E. Richardson ("Richardson") to state court. Defendants oppose the motion.

////

---

    *   This motion was determined to be suitable for decision without oral argument. L.R. 78-230(h).

1

## BACKGROUND

Plaintiff contracted with ECO to manage and operate Plaintiff's wastewater facilities, from 1989 until 2003. Plaintiff is a municipality organized under the laws of California. ECO is a corporation organized under the laws of Texas with its principal place of business in Sugarland, Texas. Richardson is a resident of California employed by ECO in a managerial capacity.

On October 30, 2003, Plaintiff and ECO entered into a contract entitled, "City of Rio Vista Water and Wastewater System Service Contract" (the "Contract") wherein ECO agreed to furnish services necessary for the operation and maintenance of Plaintiff's wastewater and water production facilities. Subsequent to the execution of the Contract, disagreements arose between the parties concerning the management, operation, and maintenance of certain wastewater facilities. These disagreements ultimately resulted in Plaintiff cancelling the Contract and replacing ECO with a third party on August 1, 2005.

On November 10, 2005, Plaintiff filed its Complaint against Defendants in Solano County Superior Court alleging various claims concerning Defendants' management, operation, and maintenance of certain wastewater facilities under the Contract. ECO removed the Complaint to federal court on December 14, 2005, based on diversity of citizenship.

## DISCUSSION

When subject matter jurisdiction is premised on diversity, complete diversity between all plaintiffs and all defendants is required. But a non-diverse party may be disregarded for purposes of diversity jurisdiction if the court determines that the party was

fraudulently joined in the action. Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998).

It is undisputed that both Plaintiff and Richardson are citizens of California, and therefore complete diversity does not exist. However, Defendants argue that Richardson should be disregarded for the purpose of determining subject matter jurisdiction because he was fraudulently joined. Plaintiff counters it has viable claims against Richardson, which make him a proper defendant and necessitate remand for lack of diversity.

The removant has the burden of establishing removal jurisdiction; therefore ECO has the burden of establishing Richardson was fraudulently joined. See Gaus v. Miles, Inc., 980 F.2d 565, 566-67 (9th Cir. 1992). "Fraudulent joinder is a term of art. If [] [P]laintiff fails to state a cause of action against [Richardson], and the failure is obvious according to the settled rules of [California], the joinder of [Richardson] is fraudulent." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). To establish fraudulent joinder ECO must show "there is no possibility that [P]laintiff will be able to establish a cause of action in State court against [Richardson]." Good v. Prudential Ins. Co. of Am., 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998). All disputed questions of fact, and all doubts concerning the sufficiency of a cause of action must be resolved in favor of remand. Kaighn v. Nat'l Life of Vt., No. C 02-04984 CRB, 2003 WL 173863, at *1 (N.D. Cal. Jan. 14, 2003); Gaus, 980 F.2d at 566-67.

Plaintiff's first claim against Richardson is for negligence. ECO argues this claim is invalid because Plaintiff has

not alleged any specific negligent act by Richardson.  However, Plaintiff's Complaint alleges "[Richardson] negligently inspected, staffed, maintained, repaired, supervised, managed, directed, controlled, operated and used [Plaintiff's water treatment facility]."  (Compl. ¶ 26.)  The Complaint further alleges that Richardson's negligence resulted in the "release or threatened release of hazardous substances" and the "release and/or threatened releases of environmental contaminants . . . at levels . . . injurious to public health . . . ."  (Id. ¶¶ 60, 70.)  Additionally, the Complaint alleges Richardson's negligence was the direct and proximate cause of Plaintiff's damages.  (Id. ¶¶ 27-28, 35.)  "Under well established principles, such general allegations of negligence, proximate causation and resulting injury and damages suffice to state a cause of action . . . ."  Hoyem v. Manhattan Beach City Sch. Dist., 22 Cal. 3d 508, 513-14 (1978).

     ECO counters that Plaintiff cannot establish that Richardson caused the subject harm since Richardson did not have "the kind of active and meaningful involvement that is required by law to establish tort liability against him."  (Defs.' Opp'n Mot. Remand at 8.)  ECO supports its argument with an affidavit from Richardson that states he never had any "day to day responsibility" for the operation of Plaintiff's water treatment facilities.  (Richardson Aff. ¶ 4, Jan. 25, 2006.)  ECO argues Richardson only supervised those responsible for the repair, operation, and maintenance of Plaintiff's water treatment facilities.  (Id. ¶¶ 4, 7-8.)  Crediting ECO's position that Richardson had no direct involvement in the repair, operation, and maintenance of Plaintiff's water treatment facilities does not

4

establish that no set of facts can be proved which would make Richardson liable to Plaintiff for negligence in his supervisory role.

## CONCLUSION

Since there is a possibility Plaintiff can establish a negligence claim in state court against Richardson, Richardson is not fraudulently joined and complete diversity is lacking. Therefore, Plaintiff's motion to remand its suit against ECO and Richardson to Solano County Superior Court is granted.[1]

IT IS SO ORDERED.

Dated: April 11, 2006

/s/ Garland E. Burrell, Jr.
GARLAND E. BURRELL, JR.
United States District Judge

---

[1] This remand order has no effect on ECO's Counterclaim, filed in this Court, against the City of Rio Vista.

5