IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
ECO RESOURCES, INC., a Texas      )
Corporation,                      )
                                  )    2:05-cv-2556-GEB-DAD
         Counter-claimant,        )
                                  )
         v.                       )    ORDER*
                                  )
CITY OF RIO VISTA, a California   )
municipality,                     )
                                  )
         Counter-Defendant.**     )
                                  )
```

Pending are the City of Rio Vista's (the "City") motion to dismiss all or part of ECO Resources Inc.'s ("ECO") Counterclaim, and the City's alternative motion to strike ECO's counterclaims for trade libel and defamation. ECO opposes the motions.

BACKGROUND

On October 30, 2003, the City and ECO entered into a contract entitled, "City of Rio Vista Water and Wastewater System

---

\* These motions were determined to be suitable for decision without oral argument. L.R. 78-230(h).

\*\* The caption has been changed to reflect the Court's Order filed April 11, 2006, which remanded to state court the City of Rio Vista's suit against ECO Resources Inc.'s and Steven E. Richardson.

1

Service Contract" (the "Contract") wherein ECO agreed to furnish services necessary for the operation and maintenance of the City's wastewater and water production facilities. Subsequent to the execution of the Contract, disagreements arose between the parties concerning the management, operation, and maintenance of certain wastewater facilities. These disagreements ultimately resulted in the City cancelling the Contract and replacing ECO with a third party on August 1, 2005.

On November 10, 2005, the City filed a Complaint against ECO in Solano County Superior Court alleging various claims concerning ECO's management, operation, and maintenance of certain wastewater facilities under the Contract. ECO removed the action to federal court on December 14, 2005, based on diversity of citizenship. After removal, ECO filed a Counterclaim against the City which includes claims for trade libel and defamation. ECO alleges that prior to terminating the Contract, the City through its city manager Bradley Baxter ("Baxter") and its fire chief Mark Nelson ("Nelson"), published false statements to third parties regarding ECO's performance under the Contract.

## DISCUSSION

The City argues dismissal of all or part of ECO's Counterclaim is appropriate for two reasons. First, the City argues it should be dismissed for lack of subject matter jurisdiction. Second, the City argues the counterclaims for trade libel and defamation should be dismissed because they are impermissible under California law.

I. Subject Matter Jurisdiction

The City's motion to dismiss the counterclaim for lack of

subject matter jurisdiction is premised on the remand of the City's suit against ECO and Steven E. Richardson. The City argues that because this Court no longer has jurisdiction over its original suit, the Court does not have subject matter jurisdiction over the Counterclaim brought by ECO. The remand of the City's suit, however, does not necessarily divest this Court of subject matter jurisdiction over ECO's Counterclaim; a counterclaim persists where it is supported by an independent ground of federal jurisdiction regardless of whether the original suit is properly before the court. Pioche Mines Consol., Inc., v. Fidelity-Philadelphia Trust Co., 206 F.2d 336, 336-37 (9th Cir. 1953).

In this instance, diversity jurisdiction provides an independent basis for federal subject matter jurisdiction over ECO's Counterclaim. ECO's Counterclaim clearly states that subject matter jurisdiction over the counterclaim is premised on diversity, rather than supplemental jurisdiction. (Counterclm. ¶ 1.) Proper diversity jurisdiction is invoked when the amount in controversy exceeds 75,000 dollars excluding costs and fees, and when there is complete diversity of citizenship between plaintiffs and defendants. 28 U.S.C. § 1332. ECO's Counterclaim sets forth that ECO is organized and has its principal place of business in Texas, that the City is a California municipality, and that the amount in controversy exceeds 75,000 dollars. Thus, the parties to the Counterclaim are diverse and the amount in controversy exceeds 75,000 dollars. Therefore, this Court has subject matter jurisdiction to adjudicate ECO's Counterclaim.

II. <u>State Law Grounds</u>

The City argues that ECO's trade libel and defamation counterclaims should be dismissed because the counterclaims are barred

by California law. Specifically, the City argues: (1) it cannot be liable in tort because there is no statute assigning such liability, (2) it may not be sued for misrepresentations made by its employees under California Government Code section 818.8, (3) California Civil Code section 47(a) and California Government Code section 820.2 bar ECO's counterclaims, and (4) the right of "fair comment" bars ECO's counterclaims.

### A. No statutory basis for tort liability

The City argues ECO may not sue it for trade libel or defamation because "there is no tort liability for California governmental entities absent a statute or constitution provision creating or accepting liability." (Pl.'s Mem. Supp. Mot. Dismiss Strike Counterclms. ("Pl.'s Mot. Dismiss") at 3.) ECO contends that it may sue the City for trade libel and defamation under California Government Code section 815.2, which states "[a] public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative." Since California Government Code section 815.2 provides a theory of liability for ECO to sue the City for trade libel and defamation based on the conduct of its employees, Baxter and Nelson, the City's motion to dismiss based on the absence of a statute providing for liability is denied. Nadel v. Regents of Univ. of Cal., 28 Cal. App. 4th 1251, 1259 (1994) (holding public entity's liability for defamation under section 815.2 is coextensive with employee's liability).

/////

B. <u>Immunity from suit based on misrepresentations of an employee</u>

The City argues ECO's counterclaims for trade libel and defamation are barred by California Government Code section 818.8 ("section 818."), which states "[a] public entity is not liable for an injury caused by misrepresentation by an employee of the public entity, whether or not such misrepresentation be negligent or intentional." The City contends that because trade libel and defamation necessarily require a misrepresentation, it enjoys immunity from these torts under section 818.8. ECO argues that while section 818.8 provides immunity for certain fraudulent statements, it does not provide immunity for the specific torts of trade libel and defamation.

"[T]he legislature employed the term 'misrepresentation' [in section 818.8] in a narrow, rather than expansive sense . . . ." Michael J. v. L.A. Dept. of Adoptions, 201 Cal. App. 3d 859, 868 (1988). Consequently, "[s]ection 818.8 [only] immunizes [a public entity] from liability for misrepresentation or deceit, a 'tort distinct from the general milieu of negligent and intentional wrongs, [and which] applies to interferences with financial or commercial interest.'" Bastian v. County of San Luis Obispo, 199 Cal. App. 3d 520, 533 (1988) (quoting Johnson v. State of Cal., 69 Cal. 2d 782, 800 (1968)). The torts of trade libel and defamation are not encompassed by section 818.8 because they involve reputational harm for which the legislature did not intend to grant immunity. See Nadel, 28 Cal. App. 4th at 1261 (suggesting case law has rejected an interpretation of 818.8 which would allow a statutory privilege or immunity for defamation); Sandborn v. Chronicle Pub. Co., 18 Cal. 3d 406, 410 (1988) (finding a public entity did not have any privileges or

immunities for defamation under California law). Since trade libel and defamation are not encompassed by section 818.8, the City's motion to dismiss based on immunity under section 818.8 is denied.

### C. Privilege under section 47(a) and immunity under section 820.2

The City argues statements made by Baxter and Nelson regarding ECO's performance and responsibility for mismanaged water treatment facilities are privileged under California Civil Code section 47(a) ("section 47(a)") and were discretionary acts under California Government Code section 820.2 ("section 820.2"); and therefore, ECO's counterclaims for trade libel and defamation must be dismissed. Section 47(a) provides that "[a] privileged publication or broadcast is one made in the proper discharge of official duty." Section 820.2 provides immunity for acts and omissions resulting from an "exercise of discretion" by a public employee. Cal. Gov. Code § 820.2. ECO argues that neither section applies because Baxter and Nelson were not acting in a policy making capacity when they issued their statements.

The inquiries under both section 47(a) and 820.2 are closely related. McQuirk v. Donnelley, 189 F.3d 793, 801 (9th Cir. 1999). For statements to be privileged under section 47(a) the statement must have been made "while the official was exercising his policy-making function and was acting within the scope of his official duties." Neary v. Regents of the Univ. of Cal., 185 Cal. App. 3d 1136, 1141 (1986). Similarly, to be entitled to immunity under section 820.2, Baxter and Nelson must have "consciously exercised discretion in connection with" the statements made. Elton v. County of Orange, 3 Cal. App. 3d 1053, 1058 (1970) (citing Johnson, 69 Cal.

1  2d at 794-95). In either case, the burden is on the City to establish
2  the existence of the privilege or immunity. See Neary, 185 Cal. App.
3  3d 1136, 1145 (reversing lower courts entry of summary judgment for
4  the defendant because the defendant failed to establish that section
5  47 applied); Johnson, 69 Cal. 2d at 795 n.8 ("[T]o be entitled to
6  immunity the state must make a showing that such a policy decision,
7  consciously balancing risks and advantages, took place.").
8  The City argues in a conclusory manner that section 47(a)
9  and section 820.2 apply and bar ECO's counterclaims. (Pl.'s Mot.
10 Dismiss at 5, 7.) The City, however, has not provided sufficient
11 evidence to meet its burden of showing that either section 47(a) or
12 section 820.2 apply to the statements of Baxter and Nelson.
13 Therefore, the City's motion to dismiss based on section 47(a) and
14 section 820.2 is denied.
15        D. "Fair comment"
16        The City argues the defense of "fair comment" bars ECO from
17 bringing trade libel and defamation counterclaims against it because
18 the subject statements were criticisms made to "newspapers, television
19 stations, and news crews," and were about a matter of public interest.
20 "Statements of opinion, although of a defamatory nature, are
21 privileged in California" as fair comments. Maidman v. Jewish Pub.
22 Inc., 54 Cal. 2d 643, 652 (1960). However, "[t]he defense of fair
23 comment is not absolute. . . . [T]here is no absolute right to destroy
24 a person's name and reputation by publication of defamatory criticisms
25 and opinions merely because the victims' activities are a matter of
26 legitimate public interest." Id. Accordingly, "[a]llegations that
27 the comments were not published for a bona fide purpose, but were
28 published because of malice, renders the publisher liable for his


comments, opinions, and criticisms that are defamatory." Id. Since ECO has alleged the City published defamatory statements "with malice, oppression, and/or fraud," the right to fair comment does not bar ECO from bringing its trade libel and defamation counterclaims against the CIty. (Counterclm. at ¶¶ 52-53,63-64.) Therefore, the City's motion to dismiss based on fair comment is denied.

III. <u>The City's Motion to Strike Counterclaim</u>

The City moves to strike ECO's counterclaims for trade libel and defamation under California's Anti-SLAPP (Strategic Lawsuits Against Public Participation) statute, California Code of Civil Procedure section 425.16. California enacted its Anti-SLAPP statute to protect parties from oppressive litigation primarily filed to chill Constitutionally protected speech. Avril v. The Superior Court of Orange County, 42 Cal. App. 4th 1170, 1174 (1996). Accordingly, a "cause of action against a person arising from any act of that person in furtherance of the person's right of free speech under the United States or California Constitution in connection with a public issue" is subject to a special motion to strike. Cal. Civ. Proc. Code § 425.16(b). To prevail on an Anti-SLAPP motion to strike, the movant must initially make a prima facie showing that "the [non-movant]'s cause of action arises from the [movant]'s free speech or protected activity." Rogers v. Home Shopping Network, Inc., 57 F. Supp. 2d 973, 976 (C.D. Cal. 1999). Protected speech under section 425.16(e)(2) includes "any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law."

1    The City argues it has made the required prima facie showing
2 because ECO's trade libel and defamation counterclaims arise from
3 protected speech under section 425.16(e)(2) of the Anti-Slapp statute.
4 (Pl.'s Mot. Dismiss at 8.) ECO argues that the City has not shown
5 there was an issue being considered by a legally authorized proceeding
6 at the time the statements were made; the City counters that the
7 statements were made by Baxter and Nelson in connection with the the
8 City's determination "to terminate ECO's contract" due to
9 mismanagement of water treatment facilities. The City's conclusory
10 assertion that Baxter's and Nelson's statements were made "in
11 connection with an issue under consideration" by the City are
12 insufficient to make the showing required by section 425.16
13 (e)(2)--that the statements were made "in connection with an issue
14 under consideration by, a legally authorized official
15 proceeding . . . ." Briggs v. Eden Council for Hope and Opportunity,
16 19 Cal. 4th 1106, 1123 (1999). Consequently, the City's motion to
17 strike is denied.

## CONCLUSION

For the reasons stated above, the City's motion to dismiss is denied, and the City's motion to strike ECO's counterclaims for trade libel and defamation is denied.

IT IS SO ORDERED.

Dated:  April 12, 2006

/s/ Garland E. Burrell, Jr.
GARLAND E. BURRELL, JR.
United States District Judge