IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
ECO RESOURCES, INC., a Texas        )
corporation,                        )
                                    )   2:05-cv-2556-GEB-DAD
            Counter-claimant,       )
                                    )
        v.                          )   ORDER*
                                    )
CITY OF RIO VISTA, a California     )
municipality,                       )
                                    )
            Counter-defendant.      )
_____)
```

The City of Rio Vista ("the City") moves to dismiss or stay this action.  ECO Resources, Inc. ("ECO") opposes the motion.

BACKGROUND

On October 30, 2003, the City and ECO entered into a contract entitled "City of Rio Vista Water and Wastewater System Service Contract" ("the Contract"), wherein ECO agreed to furnish services necessary to operate and maintain the City's wastewater and water treatment facilities.  After the Contract was executed, disagreements arose between the parties, which resulted in the City

---

\* This motion was determined to be suitable for decision without oral argument. L.R. 78-230(h).

1

cancelling the Contract and replacing ECO with a third party on August 1, 2005.

On November 10, 2005, the City filed suit against ECO and Steven Richardson, an employee of ECO, in Solano County Superior Court alleging various claims concerning ECO's management, operation, and maintenance of certain wastewater facilities under the Contract. ECO and Richardson removed the suit to federal court on December 14, 2005, based on diversity of citizenship. After removal, ECO filed counterclaims against the City for breach of contract, indemnity, declaratory relief, trade libel, and defamation.

The City subsequently filed a motion to remand the entire action based on lack of subject matter jurisdiction. The portion of the motion seeking to remand the City's complaint was granted because complete diversity of citizenship was lacking. However, the motion did not affect ECO's counterclaims against the City since diversity jurisdiction exists.

The City now moves for a stay or dismissal of ECO's counterclaims for non-declaratory relief under the Colorado River abstention doctrine. The City also moves for a stay or dismissal of ECO's counterclaim for declaratory relief under the broader abstention standard articulated in Brillhart v. Excess Insurance Company, 316 U.S. 491 (1942). The motion under the Colorado River abstention doctrine will be addressed first.

## DISCUSSION

I.  Colorado River Abstention Doctrine

> The Colorado River abstention doctrine is based on principles of federalism, comity, and conservation of judicial resources. It represents an "extraordinary and narrow exception" to the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." The Supreme Court has not

2

>             prescribed a "hard and fast rule" governing the
>             appropriateness of Colorado River abstention, but it
>             has set forth six factors that may be considered and
>             weighed in determining whether exceptional
>             circumstances exist that would permit a district court
>             to decline exercising jurisdiction: (1) assumption by
>             either court of jurisdiction over a res; (2) the
>             relative inconvenience of the forums; (3) the avoidance
>             of piecemeal litigation; (4) the order in which
>             jurisdiction was obtained by the concurrent forums; (5)
>             whether and to what extent federal law provides the
>             rules of decision on the merits; and (6) the adequacy
>             of the state proceedings in protecting the rights of
>             the party invoking federal jurisdiction.

Black Sea Investment, Ltd. v. United Heritage Corp., 204 F.3d 647 (5th Cir. 2000) (citations omitted).  In assessing whether a factor balances in favor of or against abstention, "[a]ny doubt as to whether a factor exists should be resolved against [abstention] . . . ." Travelers Indem. Co. v. Madonna, 914 F.2d 1364, 1369 (9th Cir. 1990).

      The City argues "exceptional circumstances" exist based on four of the Colorado River abstention factors: (1) the state forum is more convenient for the litigation; (2) the desirability of avoiding piecemeal litigation; (3) the state court obtained jurisdiction first; and (4) the controlling nature of state law in the pending action. (Mot. at 5-7.)  ECO counters that none of these factors justify abstention.  (Opp'n at 9-17.)

    A.   <u>Convenience of the State Forum</u>

      The City argues the geographic location of the state forum is more convenient for the litigation, since the City is located only twenty-five miles from the state courthouse, but is located approximately fifty miles from the federal courthouse.  (Mot. at 5.) This relative distance between the fora is "not sufficiently great [to cause] this factor [to] point[] toward abstention." Travelers Indem. Co., 914 F.2d at 1368.

1    B.   <u>Avoiding Piecemeal Litigation</u>

2         The City argues allowing ECO to continue litigating these claims in federal court "will result in piecemeal litigation that will waste the resources of all involved and may result in inconsistent results." (Mot. at 5.) "Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." <u>Am. Int'l Underwriters, Inc. v. Cont'l Ins. Co.</u>, 843 F.2d 1253, 1258 (9th Cir. 1988). However, abstention "is not warranted simply because related issues . . . w[ill] be decided by different courts, or even because two courts . . . w[ill] be deciding the same issues. . . . [S]omething more than a concern for judicial efficiency must animate a federal court's decision to give up jurisdiction." <u>Villa Marina Yacht Sales, Inc. v. Hatteras Yachts</u>, 915 F.2d 7, 16 (1st Cir. 1990). "A correct evaluation of this factor involves considering whether exceptional circumstances exist which justify <u>special concern</u> about piecemeal litigation." <u>Travelers Indem. Co.</u>, 914 F.2d at 1369 (emphasis added). This has not been shown by the City.

19   C.   <u>The Order in which Jurisdiction Was Obtained</u>

20        The City argues since the state court obtained jurisdiction before the federal court, the factor concerning the order in which jurisdiction was obtained favors abstention. (Mot. at 6-7.) ECO counters, inter alia, that "this factor should be measured in terms of how much progress has been made in each action, rather than the filing date." (Opp'n at 12.) The City concedes neither action "has . . . progressed significantly . . . ." (Mot at 7.)

27        This factor "should not be measured exclusively by which [action] was filed first, but rather in terms of how much progress has

been made in the two actions." <u>Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.</u>, 460 U.S. 1, 21 (1983). "The mere existence of a case on the state docket in no way . . . justif[ies] abstention." <u>Travelers Indem. Co.</u>, 914 F.2d at 1370 (citation and quotation marks omitted). Rather, the City has the burden of showing that the state proceeding is further along than the federal proceeding. The City has not satisfied this burden.

    D.   <u>Predominant Issues and Controlling Law</u>

The City argues that since ECO's counterclaims are based on state law, abstention is appropriate so that a state court may decide the issues. (Mot. at 7.) ECO rejoins that "only in 'rare circumstances [will] the presence of state law issues weigh in favor of [the] surrender [of jurisdiction]" and "[t]here are no such 'rare circumstances' present here." (Opp'n at 13.)

"'[S]tate-law issues may weigh in favor of [abstention]' only 'in some rare circumstances.'" <u>Travelers Indem. Co.</u>, 914 F.2d at 1370 (quoting <u>Moses H. Cone</u>, 460 U.S. at 26). "Since this case involves routine issues of state law--[trade libel, defamation,] and breach of contract--which the [C]ourt is fully capable of deciding, there are no such 'rare circumstances' here." <u>Id.</u> This factor has not been shown to weigh in favor of abstention.

Since none of the factors advanced by the City favor its motion under the <u>Colorado River</u> abstention doctrine, the motion is denied.

II. <u>Brillhart Abstention</u>

The City argues in a conclusory manner that ECO's counterclaim for declaratory relief should be dismissed or stayed under <u>Brillhart</u> because "the <u>Colorado River</u> test . . . does not apply

1  where the Declaratory Judgments Act, 28 U.S.C. § 2201, is involved."
2  (Mot. at 4 (internal quotation marks and citation omitted).)  ECO
3  counters that Colorado River applies and Brillhart is inapplicable
4  since ECO has brought counterclaims seeking both declaratory and non-
5  declaratory relief.  (Opp'n at 17.)
6       "A district judge is . . . entitled to disregard a ground
7  raised" for dismissal or abstention that has not been developed in a
8  motion.  Nat'l Metalcrafters, Div. of Keystone Consol. Indus. v.
9  McNeil, 784 F.2d 817, 825 (7th Cir. 1986).  Therefore, this part of
10 the motion is denied.

                              CONCLUSION

12      For the reasons stated, the City's motion for a dismissal or
13 stay is denied.
14      IT IS SO ORDERED.
15 Dated:  July 17, 2006

                              /s/ Garland E. Burrell, Jr.
17                            GARLAND E. BURRELL, JR.
                              United States District Judge