IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ECO RESOURCES, INC., a Texas corporation,<br><br>          Counter-claimant,<br><br>     v.<br><br>CITY OF RIO VISTA, a California municipality,<br><br>          Counter-defendant. | 2:05-cv-2556-GEB-DAD<br><br>ORDER |

  On January 23, 2007, the parties filed a "Stipulation to Stay Action Pending Finalizing of Settlement" in which they "jointly request the Court vacate its Pretrial Schedule Order . . . and December 1, 2006 Order . . . and stay this action." (Jan. 23 Stipulation at 1.) The parties state that "[g]ood cause exists for issuance of a stay [since] the parties reached a settlement agreement [and] [t]he finalizing of this settlement is contingent upon future events." (Id.)

  Since the parties fail to address the litigation status of this action should settlement not be reached, and granting the stay would cause the litigation status of the action to be uncertain, the stay request is denied. However, in light of the

parties' representation that they are in the process of finalizing a settlement, the Status (Pretrial Scheduling) Order filed April 12, 2006, which was modified on December 1, 2006, is further modified as follows:[1]

    (1)  Each party shall comply with Federal Rule of Civil Procedure 26(a)(2)'s initial expert witness disclosure and report requirements on or before June 22, 2007, and with the rebuttal expert disclosures authorized under the Rule on or before July 23, 2007;

    (2)  discovery shall be completed by August 22, 2007;

    (3)  the last hearing date for motions shall be October 22, 2007, at 9:00 a.m.; and

    (4)  the final pretrial conference is set for December 17, 2007, at 11:00 a.m.[2]

    IT IS SO ORDERED.

Dated:   January 25, 2007

                              GARLAND E. BURRELL, JR.
                              United States District Judge

---

[1]  Although the stay motion is denied, modifications are made to the status of the action in order to provide the parties with the opportunity they seek to finalize their settlement, and to concomitantly ensure that the action is scheduled for litigation should settlement efforts fail. Cf. Franklin v. Kaypro Corp., 884 F.2d 1222, 1225 (9th Cir. 1989) (stating "the policy of federal courts is to promote settlement before trial," but indicating litigation should remain scheduled on "crowded court dockets").

[2]  Accommodating the parties' requested modifications to the Status Order necessarily reduces the amount of time between the trial commencement date of January 29, 2008, and the final pretrial conference. Because of this reduction, it is unlikely that a settlement conference supervised by a federal judge will be scheduled in this action.